Filed 10/29/20  P. v. Gonzales CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B304135 |
| Plaintiff and Respondent, | (Super. Ct. No. 1434089) (Santa Barbara County) |
| v. | |
| REYES GONZALES, JR., | |
| Defendant and Appellant. | |

Reyes Gonzales, Jr., appeals from the trial court's denial of his petition for resentencing.  (Pen. Code,[1] § 1170.95.) He contends the court erred when it summarily denied his petition without appointing counsel.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In May 2015, a jury convicted Gonzales and four codefendants of first degree murder (§§ 187, subd. (a), 189, subd. (a)), and found true a special circumstance allegation that they committed murder during the commission of a kidnapping

---

[1] Further statutory references are to the Penal Code.

(§ 190.2, subd. (a)(17)(B)).  (*People v. Gonzales* (Aug. 7, 2018, B264384) 2018 WL 3737940 at p. *1 (*Gonzales*) [nonpub. opn.].) In a bifurcated proceeding, the trial court found true allegations that Gonzales had served four prior prison terms (§ 667.5, subd. (b)).  (*Ibid*.)  It sentenced him to life in state prison without the possibility of parole plus four years.  (*Ibid*.)

We affirmed the judgment on appeal.  (*Gonzales, supra*, 2018 WL 3737940 at p. *17.)  Among other things, we concluded that substantial evidence supported the jury's finding on the kidnapping special circumstance allegation because Gonzales "was a major participant in the kidnapping that led to the victim's murder" and "demonstrated reckless disregard for human life."  (*Id*. at p. *1; see *People v. Clark* (2016) 63 Cal.4th 522, 618-623 (*Clark*) and *People v. Banks* (2015) 61 Cal.4th 788, 797-803 (*Banks*).)  Specifically, Gonzales "assisted in a violent and ultimately lethal attack of long duration during which any available deadly object was used to inflict severe . . . injuries on" the victim. (*Gonzales*, at p. *7.)  Additionally, Gonzales helped lure the victim to the house where he was murdered.  (*Id*. at p. *8.)  He helped force the victim into a back room and remained there for 20 minutes, a period during which he may have slashed the victim's back with a piece of glass.  (*Ibid*.)  And although other codefendants inflicted most of the victim's injuries, he neither tried to restrain them nor provided the victim with any assistance.  (*Id*. at p. *7.)  He ignored the victim's cries for help, choosing to dance and drink beer instead.  (*Id*. at p. *8.)

After his case was final on appeal, Gonzales petitioned for resentencing pursuant to section 1170.95.  In his petition, Gonzales declared that:  (1) the information filed against him allowed the prosecution to proceed on a felony murder

2

theory, (2) he was convicted of first degree felony murder, (3) he could not now be convicted of first degree murder based on amendments to sections 188 and 189, and (4) he was not the actual killer. Gonzales also requested the appointment of counsel to assist him during the resentencing process.

The trial court summarily denied Gonzales's petition without appointing counsel. It concluded that Gonzales "manifestly failed to show, even on a prima facie [basis], that he [was] entitled to relief as contemplated by section 1170.95." The jury found true the kidnapping special circumstance allegation, which required proof that an aider and abettor who was not the actual killer acted as a major participant in the kidnapping with reckless indifference to human life. In light of that finding, which was upheld on appeal, Gonzales could not show that he was entitled to relief.

DISCUSSION

Gonzales contends the trial court erred when it denied his section 1170.95 resentencing petition without appointing counsel. We disagree.

In 2018, the Legislature enacted Senate Bill No. 1437 (S.B. 1437) to "amend the felony murder rule . . . to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish these goals, S.B. 1437 redefined "malice" in section 188, and narrowed the classes of persons liable for felony murder under section 189. (Stats. 2018, ch. 1015, §§ 2-3.) It also added section 1170.95 to the Penal Code, which permits those convicted of felony murder to petition to have their

3

murder convictions vacated and to be resentenced on any remaining charges.  (Stats. 2018, ch. 1015, § 4.)

A convicted defendant may petition for resentencing if the information allowed prosecutors to proceed under a theory of felony murder, the defendant was convicted of first degree murder, and the defendant could not now be convicted of murder under the amendments to sections 188 and 189.  (§ 1170.95, subd. (a).)  If the defendant files a petition declaring that they meet these requirements (*id.*, subd. (b)(1)(A)), the trial court undertakes a "two-step process" to determine whether they are eligible for relief (*People v. Offley* (2020) 48 Cal.App.5th 588, 596; see § 1170.95, subd. (c)).  First, the court determines "whether the defendant has made a 'prima facie showing [that they] "fall within the provisions" of the statute.' [Citation.]"  (*Offley*, at pp. 596-597, alterations omitted.)  In making that determination, the court "may examine the record of conviction" (*id.* at p. 597), including the jury instructions provided at trial and any prior decision on appeal (*People v. Gomez* (2020) 52 Cal.App.5th 1, 16 (*Gomez*), review granted Oct. 14, 2020, S264033).  If that examination reveals that the defendant does not fall within the provisions of section 1170.95 as a matter of law, the court may summarily deny the petition without appointing counsel.[2]

---

[2] Nearly all decisions published to date are in accord. (See *Gomez*, *supra*, 52 Cal.App.5th at pp. 15-16, review granted; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, fn. 10, review granted Sept. 23, 2020, S263939; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-902, review granted Aug. 12, 2020, S263219; *People v. Lee* (2020) 49 Cal.App.5th 254, 262-263, review granted July 15, 2020, S262459; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-675, review granted July 8, 2020, S262481; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178

4

(*Offley*, at p. 597.)  But if the examination instead reveals that the defendant may be eligible for relief, the court must proceed to the second step and appoint counsel to assist in subsequent proceedings.  (*Ibid*.)

The record of conviction here reveals that Gonzales was ineligible for section 1170.95 relief as a matter of law.  Before sending the case to jurors, the trial court instructed them on the intent required to prove the kidnapping special circumstance allegation.  (*Gonzales*, *supra*, 2018 WL 3737940 at p. *8.)  This instruction told jurors that they could convict Gonzales of first degree murder as an aider and abettor only if prosecutors proved either (1) that he participated in the kidnapping with the intent to kill, or (2) that his participation in the kidnapping began before or during the killing, that he was a major participant in the kidnapping, and that he acted with reckless indifference to human life.  (CALCRIM No. 703.)  These are the same theories that permit a first degree felony murder conviction pursuant to section 189 as amended.  (See § 189, subd. (e).)  Thus, in finding the kidnapping special circumstance true, jurors necessarily determined that Gonzales could still be convicted of murder pursuant to the current versions of sections 188 and 189. (*Gomez*, *supra*, 52 Cal.App.5th at pp. 14-15, review granted.)  The

(*Torres*), review granted June 24, 2020, S262011; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-333, review granted Mar. 18, 2020, S260493; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1140, review granted Mar. 18, 2020, S260598.)  We disagree with *People v. Cooper* (2020) 54 Cal.App.5th 106, 118-123, which adopted a contrary view.

trial court correctly found him ineligible for section 1170.95 relief as a matter of law.  (*Ibid*.; see also *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419-420 [defendant ineligible for section 1170.95 relief where jury found true a robbery special circumstance allegation].)

Gonzales counters that the trial court should not have relied on the jury's special circumstance finding when it summarily denied his resentencing petition because the jury made that finding in May 2015, prior to our Supreme Court's decisions in *Clark* and *Banks*.  (See *People v. Smith* (2020) 49 Cal.App.5th 85, 93-94 (*Smith*), review granted July 22, 2020, S262835; *Torres*, *supra*, 46 Cal.App.5th at pp. 1178-1180, review granted.)  *Clark* and *Banks* "construed the meanings of 'major participant' and 'reckless indifference to human life' 'in a significantly different[] and narrower manner than courts had previously.'  [Citation.]"  (*Smith*, at p. 93.)  Because the jury in his trial did not have these cases' guidance, Gonzales argues it may have employed an outdated definition when it made its special circumstance finding, punishing him for conduct that is no longer prohibited.  (*Torres*, at p. 1180.)  It was thus inappropriate for the trial court to treat that finding as if it "resolved key disputed facts" when it denied his resentencing petition.  (*Ibid*.)

*Smith* and *Torres* are inapplicable here.  The direct appeals in those cases were decided in 1996 and 2003, respectively, years before *Clark* and *Banks*.  (*Smith*, *supra*, 49 Cal.App.5th at p. 88, review granted; *Torres*, *supra*, 46 Cal.App.5th at p. 1174, review granted.)  The reviewing courts thus did not have our Supreme Court's guidance when they upheld the special circumstance findings.

In contrast, we decided Gonzales's direct appeal in 2018.  And we applied *Clark* and *Banks* in upholding the jury's special circumstance finding.  That finding was thus necessarily based on conduct that remains prohibited today.  It was accordingly proper for the trial court to rely on it when summarily denying Gonzales's section 1170.95 petition without appointing counsel.

DISPOSITION

The trial court's order denying Gonzales's petition for resentencing pursuant to section 1170.95, entered January 15, 2020, is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:



GILBERT, P. J.



PERREN, J.

7

Rick S. Brown, Judge

Superior Court County of Santa Barbara

_____

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.